**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                            :
MICHAEL WEST,               :
                            :     **Civ. No. 16-8701 (RMB)**
        Petitioner          :
                            :
    v.                      :     **OPINION**
                            :
DAVID ORTIZ,                :
                            :
        Respondent          :
_____ :

This matter comes before the Court upon Petitioner's Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2441, (Pet., ECF No. 1, ECF No. 4); Respondent's[1] Answer to Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Answer," ECF No. 8); Petitioner's reply briefs ("Petr's Reply," ECF Nos. 7, 11, 19); Petitioner's Motion to Amend Rule 15c ("Fourth Mot. to Amend," ECF No. 14); and Petitioner's Motion to Amend and Supplement Rule 15c. ("Fifth Mot. to Amend," ECF No. 19.)

---

[1] The Court substitutes David Ortiz, Warden of FCI Fort Dix as the Respondent in this matter. See Rumsfeld v. Padilla, 542 U.S. 426 (2004) ("there is generally only one proper respondent to a given prisoner's habeas petition," his immediate custodian who has the power to produce the prisoner before the Court.)

I.  BACKGROUND

Petitioner, a prisoner incarcerated in FCI Fort Dix, in Fort Dix, New Jersey filed a petition under 28 U.S.C. § 2241 in this Court on November 22, 2016. (Pet., ECF No. 1.) The Court terminated the case without prejudice for failure to pay the filing fee or submit an application to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915. (Order, ECF No. 3.) The Court reopened this matter upon Petitioner's filing of a motion to amend and submission of an IFP application. (Order, ECF No. 5.) The Court granted Petitioner's IFP application, determined that the petition consisted of the original petition (Pet., ECF No. 1), and supplemental petition (Mot. to Amend and Supplement, ECF No. 4), and ordered Respondent to file an answer. (Order, ECF No. 5.) Petitioner's second and third motions to amend followed on April 12, 2017, and May 1, 2017, respectively. (Second Mot. to Amend, ECF No. 6; Third Mot. to Amend, ECF No. 7.)

Respondent filed an Answer on May 8, 2017. (Answer, ECF No. 8.) The Court denied Petitioner's second motion to amend and granted Petitioner's third motion to amend in part, stating that the Court would consider the administrative remedy forms Petitioner submitted. (Memorandum and Order, ECF No. 15.) The Court accepted Petitioner's motion in traverse as his reply brief. (Id.) The Court also stated that Petitioner would not be permitted to amend his petition to add claims challenging his conviction and

2

sentence. (Memorandum and Order, ECF No. 15 at 6.) On March 22, 2018, Petitioner filed a number of exhibits, which this Court will consider to the extent they relevant to the BOP's calculation of his sentence. ("Petr's Exhibits," ECF No. 18.)

II. DISCUSSION

    A. Fourth Motion to Amend

In his fourth motion to amend, Petitioner seeks dismissal of his federal sentence as a violation of the Rooker-Feldman doctrine. (Fourth Mot. to Amend, ECF No. 14 at 1-2.) Petitioner also states that some of the exhibits offered in opposition to his § 2241 petition contain different descriptions of his race or ethnicity, which he seems to suggest renders his conviction invalid because he was not properly identified. (Id. at 2.)

"Leave to amend must generally be granted unless equitable considerations render it otherwise unjust." Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) (citations omitted). Denial of leave to amend may be justified by undue delay, bad faith, and futility. Id. (citing Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). Futility means that the complaint, as amended, fails to state a claim upon which relief may be granted. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

Federal Rule of Evidence 201(b)(2) provides that a "court may judicially notice a fact that is not subject to reasonable dispute

because it … (2) can be reasonably and readily determined from sources whose accuracy cannot reasonable be questioned." A federal court may take judicial notice of the contents of another court's docket. See e.g. Orabi v. Attorney General of the U.S., 738 F.3d 535, 537 n. 1 (3d Cir. 2014).

The Court takes judicial notice of the docket in United States v. West, Criminal Action No. 12-cr-332(CCC) (D.N.J.) Petitioner pled guilty to distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and judgment was entered on February 22, 2013. (Id., Judgment, ECF No. 33.) Petitioner was sentenced to an aggregate term of 95-months imprisonment, and a five-year term of supervised release, with special conditions. (Id.)

On August 29, 2013, Petitioner filed a motion to vacate his sentence. West v. United States, Civ. No. 13-5339(CCC) (D.N.J.) (Mot. to Vacate, ECF No. 1) The Court takes judicial notice of this action. The Honorable Claire C. Cecchi denied the § 2255 motion on January 17, 2017. (Id., Order, ECF No. 53.) On February 23, 2017, the court ordered that a certificate of appealability shall not issue, and closed the matter. (Order, ECF No. 60.)

Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution.

4

Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). In order to file a second or successive § 2255 motion, a panel of the appropriate court of appeals must certify that the motion contains newly discovered evidence or relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).

In his fourth motion to amend his § 2241 petition, Petitioner seeks to challenge the legality of his conviction and sentence. A petitioner cannot invoke § 2241 to challenge his conviction or sentence "'merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.'" Okereke, 307 F.3d at 120 (quoting In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). Petitioner must seek permission from the Third Circuit Court of Appeals to bring a second or successive § 2255 motion challenging his conviction or sentence. See 28 U.S.C 2255(h). Petitioner cannot use § 2241 to get around the gatekeeping requirements in § 2255. Therefore, his fourth motion to amend is denied.

B. Fifth Motion to Amend

In Petitioner's Motion to Amend and Supplement Rule 15(c), his fifth motion to amend, Petitioner asserts three grounds for relief. In Ground One, he asserts:

> 18 U.S.C. § 3584—the United State [sic] does not authorize the Federal district sentencing court to order a service of a term of

5

> imprisonment to run concurrent or consecutive
> to a yet to be impose [sic] or non-existing
> state sentence.

(Fifth Mot. to Amend, ECF No. 19, Ground One, ¶13.)

In support of this ground for relief, Petitioner states:

> On October 21, 2010, I was charged and
> arrested for 3704, Obscene Material-Possess
> Case No. 1150-1025-0410-1, that was terminated
> on 10-25-2010, that on February 22, 2013 (ECF
> No. []), I was sentenced in the Federal
> sentencing court to serve a term of 95 months
> with 5 years supervised release under Federal
> case No. 1:12-cr-332:CCC

In Ground Two of his fifth motion to amend, Petitioner asserts:

> Interstate Agreement on Detainers Act-applies
> to defendant released on bail advising that
> you are want to face pending criminal charges
> in another jurisdiction and/or on TEMPORARY
> COMMITMENT awaiting disposition of pending
> state charges.

(Id., Ground Two.) In support of this ground for relief, Petitioner states that the Honorable Michael A. Shipp ordered Petitioner's temporary commitment to the custody of the Attorney General and the U.S. Marshal's Service, and that Case No. 1150-1025-1 was terminated on October 25, 2010.

Finally, in Ground Three of his fifth motion to amend, Petitioner claims:

> 18 U.S.C. § 3585(b)-exclusive authority of the
> Bureau of Prison (BOP)to award credit time
> served on a pre-existing state sentence is
> within the exclusive power of the sentencing
> court.

6

(Fifth Mot. to Amend, ECF No. 19, Ground One.)

In support of this ground for relief, Petitioner states:

> According to the USM-129 Detention Report I was in custody of the United States Marshal Service for 895 days, before and after sentencing from 10-21-2010 to 4-3-2013 the day I self-surrendered to FCI Fort Dix for 3704 Obscene Material-Posses case no. 1:12-cr-332-CCC, not case no. 1150-1025-0410-J.

(Id.) For relief, Petitioner seeks "to remand to removal [sic] the detainer filed on 10-22-2010 for TEMPORARY COMMITMENT (ECF No. 6), and vacating the illegally imposed sentence in violation of 18 U.S.C. § 3584(a) due to the non-existing state sentence." (Id., ECF No. 19, ¶15.)

The Court grants in part Petitioner's fifth motion to amend. The Court will consider the three grounds asserted therein with respect to Petitioner's claim that the BOP miscalculated his sentence and failed to give him sentencing credit for the period from October 21, 2010 through April 3, 2013. The Court denies Petitioner's fifth motion to amend insofar as he seeks to vacate "the illegally imposed sentence" because challenges to the legality of his sentence must be raised under § 2255.

C. The Merits of the Amended § 2241 Petition

1. The Amended Petition

In Ground One of his original petition, Petitioner alleged he was arrested illegally on October 21, 2010 and denied 855 days

7

credit against his federal sentence as of October 21, 2010. (Pet., ECF No. 1, ¶17(a)). For Ground Two, petitioner stated "the Plea was for 95 months not 124, that according [to] the United States Marshals' Service, I was committed on 10-22-2010 not 4-3-2013 according to my sentence computation." (Id., ¶17(b)). For Ground Three, Petitioner said he was placed in home detention by the Honorable Michael A. Shipp on November 29, 2010, "undischarged by the U.S. Marshal's Service, pursuant to 18 U.S.C.S. §§ 3621, 3624 liable for escape." (Id., ¶17(c)). In Ground Four, he claims that he self-surrendered to FCI Fort Dix on April 3, 2013 "discharged from the U.S. Marshal's Service. DSCC never received any files from the U.S. Marshals' due to records at FCI Fort Dix, failure to follow BOP Policy." (Pet., ECF No. 1, ¶17(d)).

Petitioner's February 10, 2017 Motion to Amend and Supplement pursuant to Fed. R. Civ. P. 15(c) (ECF No. 4) is a supplement to the original petition. (Order, ECF No. 5.) Petitioner's supplement is primarily a memorandum of law in support of the original petition. In his conclusion, however, Petitioner asserts "home detention/electronic monitoring imposed solely pursuant to 18 U.S.C. § 3142(c)(1)(B) is facially unconstitutional…" (Pet., ECF No. 4 at 6.) This claim is moot because Petitioner is no longer subject to pretrial conditions on bail. Compare U.S. v. Salerno, 481 U.S. 739, 741 n. 1 (1987) (finding that the case was "very much alive" and properly before the Court because the authority

for the defendant's present incarceration was the district court's pretrial detention order.)

   2. The Answer

Respondent construed the petition as alleging that when the BOP calculated Petitioner's sentence, it failed to give Petitioner credit for time he spent in a residential re-entry center ("RRC") and on home confinement. Respondent submits that Petitioner was arrested by FBI agents on October 21, 2010, based on federal charges related to distribution and possession of child pornography. (Declaration of Dawn Giddings ("Giddings Decl."), ECF No. 8-2, ¶3 and Exh. 1.) On November 29, 2010, the district court entered an order of conditional release, subjecting Petitioner to a number of conditions, including bail of $100,000, and that he reside at Toler House, an RRC. (Id., ¶4 and Exh. 2.)

The district court modified the conditions of release on December 21, 2010, including that Petitioner submit to home detention with electronic monitoring. (Id., ¶5 and Exh. 3.) The district court sentenced Petitioner on January 22, 2013, to a 95-month term of imprisonment with a 5-year term of supervised release, for distribution and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) & 2252(a)(2)(A). (Id., ¶6 and Exh. 4.) Petitioner was ordered to voluntarily surrender on March 4, 2013, but the district court subsequently approved a 30-day delay to his voluntary surrender date. (Giddings Decl., ECF

No. 8-2, ¶¶6-7 and Exhs. 4, 5.) Petitioner voluntarily surrendered to begin service of his federal sentence on April 3, 2013. (Id., ¶8 and Exh. 6.)

In calculating Petitioner's sentence, the BOP determined that Petitioner began his sentence on April 3, 2013, the day he voluntarily surrendered. (Id., ¶9, and Exh. 7.) The BOP awarded credit for time served against Petitioner's sentence from the date of his arrest, October 21, 2010, through the date of his release to Toler House on $100,000 bond, November 29, 2010. (Id., ¶9 and Exh. 7.) Thus, Petitioner's projected release date is January 15, 2020. (Id.)

Respondent argues this Court should dismiss the instant petition because Petitioner failed to exhaust his administrative remedies. (Answer, ECF No. 8 at 7-8.) Petitioner filed an administrative grievance with the warden of FCI Fort Dix on December 2, 2015, seeking prior custody credit for time spent on home confinement. (Declaration of Tara Moran ("Moran Decl.,") ECF No. 8-1, ¶4 and Exh. 2.) The warden denied the request on December 23, 2015. (Id.) More than one year later, Petitioner filed an administrative remedy directly to the Regional Director, requesting prior custody credit. (Id., ¶5 and Exh. 3.) The Regional Director denied the request because Petitioner failed to first apply to the institution for relief. (Id.) Petitioner then filed his remedy request with the warden, and the warden denied the

10

request for failing to first attempt informal resolution. ((Moran Decl., ECF No. 8-1, ¶6 and Exh. 4.) After attempting informal resolution, Petitioner resubmitted his request to the warden, who denied the grievance on April 20, 2017. (Id., ¶7 and Exh. 5.) As of May 4, 2017, Petitioner had not appealed the warden's denial. (Id., ¶7.) Respondent contends the petition should be dismissed for failure to exhaust administrative remedies. (Answer, ECF No. 9 at 8-10.)

Alternatively, Respondent contends the petition should be denied on the merits because the BOP correctly calculated Petitioner's sentence. (Answer, ECF No. 8 at 11-15.) Respondent construed Petitioner's claim as one for prior custody credit for time spent in an RRC and home confinement from November 29, 2010 through April 3, 2013. (Answer, ECF No. 8 at 11.) Pursuant to 18 U.S.C. § 3585(a) and BOP Program Statement 5880.28, the BOP computed Petitioner's sentence as beginning on April 3, 2013, the date he voluntarily surrendered to BOP custody. (Giddings Decl., ECF No. 8-2, ¶9 and Exh. 7.)

In determining whether Petitioner was entitled to prior custody credit, the BOP looked to 18 U.S.C. § 3585(b) and gave Petitioner credit for the time he spent in prison between October 21, 2010 (the date of his arrest) and November 29, 2010 (the date he was released from prison on bond). (Id.) Respondent asserts that an inmate may not receive prior custody credit for time spent

11

in an RRC or in home confinement as a condition of his release on bond. (Answer, ECF No. 8 at 13-14.) Respondent further asserts that Petitioner was not in official detention on the day he was sentenced; it wasn't until he voluntarily surrendered that he was in "official detention" pursuant to § 3585(b). (Id. at 14.)

### 3. Petitioner's Reply

This Court has construed the following submissions by Petitioner as his reply brief: third motion to amend (ECF No. 7); Motion in Traverse to Respondent Pursuant to 28 U.S.C. § 1442, 1447(c) and 18 U.S.C. § 751(a) (ECF No. 11); and fifth motion to amend. (ECF No. 19.) In these various submissions, Petitioner acknowledged that the warden denied his administrative remedy on April 20, 2017. (ECF No. 7 at 6.) Then, on May 24, 2017, Petitioner appealed his administrative remedy to the Regional Office. (ECF No. 11, ¶4.)

Petitioner also argues that, under 18 U.S.C. § 751,[2] custody does not require direct physical restraint, and custody may be

---

[2] 18 U.S.C. § 751 makes it illegal to escape from custody of the Attorney General or his authorized representative or any institution or facility in which he is confined by direction of the Attorney General or others. The Court notes there is nothing in the record suggesting Petitioner was ever charged with escape. Instead, it appears that Petitioner equates "custody" for purposes of criminal liability for escape with "official detention" for purposes of receiving prior custody credit against a sentence.

12

minimal or constructive. (Id., ¶7.)[3] In his final written submission, Petitioner asserted that 18 U.S.C. § 3584 does not authorize a federal district court to order a service of a term of imprisonment to run concurrent or consecutive to a yet to be imposed or non-existing state sentence. (ECF No. 19, Ground One.) He asserts that there was a detainer on him by State authorities for pending charges while he was in federal custody on October 22, 2010. (ECF No. 19, Ground Two.) Finally, Petitioner contends that it is within the exclusive authority of the BOP to award credit for time served on a pre-existing state sentence. (Id., Ground Three.)

    4.    Legal Standard

        a.    Exhaustion of Administrative Remedies

A federal prisoner must exhaust his administrative remedies before filing a petition under § 2241. Vazquez v. Strada, 684 F.3d 431, 433 (3d Cir. 2012); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760-62 (3d Cir. 1996). The BOP's administrative remedy process has four steps. 28 C.F.R. § 542.10 *et seq*. First, the prisoner must attempt informal resolution with prison staff. Id., § 542.13. If unsatisfied, the prisoner must submit an administrative remedy request to the warden. Id., § 542.14. If the

---

[3] In his motion in traverse, Petitioner also attacked his conviction and sentence. (Petr's Reply, ECF No. 11.) This Court does not address the challenges to his conviction and sentence because such claims are not cognizable under 28 U.S.C. § 2241.

13

prisoner wishes to appeal, the appeal is made to the appropriate Regional Director. 28 C.F.R. § 542.15. If the Regional Director denies the appeal, the final administrative appeal is made to the General Counsel in the BOP's Central Office. Id. After the Central Office considers the appeal, the administrative remedy process is exhausted. Id. § 542.18.

Petitioner did not complete the BOP's administrative remedy process before filing the instant petition. Petitioner asserts he was not required to exhaust his remedies because he is challenging the sentencing court's subject matter jurisdiction over him, which is nonwaivable. Petitioner, however, may not raise a challenge to his conviction or sentence under § 2241. The only issue properly before this Court under § 2241 is whether the BOP miscalculated Petitioner's sentence by failing to give him prior custody credit. Petitioner did not exhaust that claim prior to bringing the instant petition.

It is now too late for Petitioner to exhaust his administrative remedies because his appeal to the Central Office was due within 30 calendar days of the date the Regional Director signed the response. 28 C.F.R. § 542.15(a). See Moscato, 98 F.3d at 760 ("failure to satisfy the procedural rules of the [BOP]'s administrative process constitutes a procedural default."). Here, Petitioner argues he was not required to exhaust his remedies

because he is challenging the sentencing court's subject matter jurisdiction.

Petitioner has not shown cause and prejudice to excuse his procedural default because he cannot challenge the sentencing court's subject matter jurisdiction under § 2241. Therefore, the Court dismisses the petition as procedurally defaulted. Moscato, 98 F.3d at 761 (review of procedurally defaulted habeas petition is barred unless the petitioner demonstrates cause and prejudice). The Court will, however, reach the merits of the petition as an alternative basis for dismissal with prejudice.

### b. Computation of Federal Sentence

By designation of the Attorney General, the BOP is charged with computing a federal prisoner's sentence. Galloway v. Warden of FCI Fort Dix, 385 F. App'x 59, 62 (3d Cir. 2010) (per curiam) (citing United States v. Wilson, 503 U.S. 329, 334-35 (1992); 18 U.S.C. § 3621(b)). Under 18 U.S.C. § 3585, there are two steps for computing a federal sentence. The first step is to determine when the sentence begins. 18 U.S.C. § 3585(a) states:

> A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

The second step in sentence computation is to credit prior custody under § 3585(b), which provides:

15

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

In computing inmate sentences, the BOP is also guided by BOP Program Statement 5880.28. See Blood v. Bledsoe, 648 F.3d 203, 208 (2011) (noting the BOP's interpretation of a statute in a Program is entitled to some deference if it sets forth a permissible construction of the statute). PS 5880.28[4] provides:

> If the prisoner is serving no other federal sentence at the time the sentence is imposed, and is in exclusive federal custody (not under the jurisdiction of a federal writ of habeas corpus ad prosequendum) at the time of sentencing on the basis of the conviction for which the sentence is imposed, the sentence commences on the date of imposition …
>
> If the court authorizes a prisoner to voluntarily surrender, as described in the Program Statement on Unescorted Trips and Voluntary Surrenders, to the detention facility at which the sentence is to be served, then the sentence does not commence until the prisoner arrives at the designated facility. If the prisoner is retained in

---

[4] Available at https://www.bop.gov/PublicInfo/execute/policysearch?todo=query&series=5000#

federal custody after sentencing for any days
prior to departure for voluntary surrender to
the designated facility, then that time,
including the date of sentencing, shall be
treated as presentence time credit.

5.  Analysis

Petitioner is under the impression that he was charged with child pornography in a state court. His conclusion seems to be based on a report from the U.S. Marshal's Service. Under the heading "Case List," the report shows the following:

```
Case Number:              1150-1025-0410-J
Case Status:              Closed
Originating District:     050-NJ-NEWARK (Warrants)
[illegible]
[illegible] gency:        FBI-Federal Agency
                          FEDERAL BUREAU OF INVESTIGATION
Charge:                   3704, Obscene Material-Possess
Warrant Date:             10/21/2010
Date Received:            10/21/2010
OCDE:                     No
Close Information
Date Closed:              10/25/2010
Date Executed:            10/21/2010
[illegible] Code:         ARREST BY OTHER AGENCY
Arrested in District:     050
Arresting Agency:         FBI
To Be Prosecuted:         U
Close Summary:            Arrested by FBI
```

(Petr's Exhibits, ECF No. 18-1 at 4.)

Petitioner asserts Case No. 1150-1025-0410-J refers to a state court case. There is nothing in the record in this matter, or in the record of Petitioner's criminal matter in this Court, or in Petitioner's § 2255 proceeding that suggests he was ever taken into custody or charged by State authorities with child

17

pornography. The above-document does not show Petitioner was taken into State custody; it shows that Petitioner was arrested by the FBI on a federal charge on October 21, 2010. The heading "Case Number" in this report likely refers to an internal number assigned by the U.S. Marshal's Service relating to Petitioner's arrest warrant. Thus, the Court rejects Petitioner's claims for prior custody credit for time spent in State custody.

The BOP determined that Petitioner's federal sentence commenced when he voluntarily surrendered on April 3, 2013. This determination is supported by the plain language of § 3585(a). See also Graham v. Zickefoose, Civ. Action No. 12-4887(NLH), 2013 WL 1786332, at *6 (D.N.J. April 25, 2013) (denying prior custody credit for period before the petitioner voluntarily surrendered to federal custody).

The BOP gave Petitioner prior custody credit for October 21, 2010 through November 29, 2010. (Giddings Decl., ECF No. 8-2, ¶9 and Exh. 7.) Petitioner contends he should receive prior custody credit for time spent in an RRC and home confinement.

In Reno v. Koray, the Supreme Court held that a federal prisoner was not in "official detention" when he was released on bail and ordered confined to a community treatment center. 515 U.S. 50, 52 (1995). The Court reasoned that a defendant on bail under restrictive conditions is 'released' and not in 'detention.' Id. at 57. Thus, the prisoner could not receive credit under §

3585(b), which was available only to those detained in a "penal or correctional facility …." Id. at 58. Therefore, the BOP correctly excluded from prior custody credit the time Petitioner spent in an RRC.

Applying this same reasoning, the Third Circuit held that a defendant subject to home confinement with restrictions as a condition of bail could not receive credit against his sentence for this time. Snyder v. Attorney General U.S., 612 F. App'x 645, 646 (3d Cir. 2015) (per curiam); U.S. v. Piper, 525 F. App'x 205, 209-10 (3d Cir. 2013); accord Rodriguez v. Lamer, 60 F.3d 745, 748 (11th Cir. 1995); Cucciniello v. Keller, 137 F.3d 721, 723 (2nd Cir. 1998); U.S. v. Zackular, 945 F.2d 423, 424-25 (1st Cir. 1991). Thus, the BOP properly computed Petitioner's sentence pursuant to § 3585(b).

III. CONCLUSION

For the reasons discussed above, the Court denies Petitioner's fourth motion to amend, grants in part Petitioner's fifth motion to amend, dismisses the amended petition for procedural default of administrative remedies, and alternatively denies the amended petition with prejudice.

An appropriate Order follows.

Date: May 10, 2018

                                              s/Renée Marie Bumb

```
                              RENÉE MARIE BUMB
                              United States District Judge
```